IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

NINA LINDSTROM, and
ROBERT LINDSTROM,

Plaintiffs,

v.

CENTURY COMMUNITIES, INC., and
CENTURY AT AUTUMN VALLEY RANCH, LLC,

Defendants.

**COMPLAINT**

Plaintiffs Nina Lindstrom and Robert Lindstrom, by and through their counsel, the Civil Rights Education and Enforcement Center, hereby submit this Complaint for violations of the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f) *et seq.*

**INTRODUCTION**

1.  In the fall of 2017, when Nina and Robert Lindstrom were looking for a home near Ms. Lindstrom's daughter and their grandchildren, they visited Autumn Valley Ranch in Dacono, Colorado, one of Defendants' developments.  Ms. Lindstrom had recently been severely injured in a fall and was using (and still uses) a wheelchair for mobility.  The Lindstroms were interested in purchasing an Autumn Valley Ranch home that had not yet been built.  When they asked Defendants to make modest changes in the floorplan to accommodate Ms. Lindstrom's disability -- for example, wider doors and level entrances -- Defendants refused.

2. Plaintiffs bring this suit because this refusal and the policy on which it is based discriminated against them in violation of the FHAA.

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Nina Lindstrom is currently and at all times relevant to this suit has been a resident of the State of Colorado. Ms. Lindstrom has a spinal cord injury and is unable to walk. She is an individual with a disability as she is substantially limited in major life activities, including but not limited to walking. Ms. Lindstrom relies on a power wheelchair for mobility.

6. Plaintiff Robert Lindstrom is currently and at all times relevant to this suit has been a resident of the State of Colorado. Mr. Lindstrom's wife is Plaintiff Nina Lindstrom, and he was injured by Defendants' discrimination against her.

7. Defendant Century Communities, Inc. ("CCI") is a corporation incorporated in Delaware with its principal place of business and headquarters in Greenwood Village, Colorado.

8. Century at Autumn Valley Ranch, LLC ("CAVR") is a Colorado limited liability company with its principal place of business and headquarters in Greenwood Village, Colorado.

## FACTUAL ALLEGATIONS

9. CCI is engaged in the development, design, construction, marketing, and sale of single-family attached and detached homes in metropolitan areas in the States of California,

Colorado, Georgia, Nevada, North Carolina, South Carolina, Tennessee, Texas, Utah, and Washington.

10.     CCI has approximately 21 community developments/sites in Colorado.

11.     As of mid-2017, Plaintiffs Nina and Robert Lindstrom had been planning for several years to move to Colorado to be closer to Ms. Lindstrom's daughter, Helen Kvasnicka, and her children -- the Lindstroms' grandchildren.

12.     In June 2017, in the course of preparing their Alabama home for sale, Ms. Lindstrom was severely injured when she fell in their home. Ms. Lindstrom suffered a spinal cord injury and was ultimately paralyzed from this accident. Ms. Lindstrom now uses a power wheelchair for mobility.

13.     After Ms. Lindstrom's accident and several months of rehabilitation, the Lindstroms were able to finalize their move to Colorado.

14.     The Lindstroms initially rented a condominium in Longmont, Colorado while they searched for a home to purchase.  Their house hunting process led them to Autumn Valley Ranch, a CCI development in Dacono, Colorado.

15.     The land on which the Autumn Valley Ranch community was built was owned by CAVR.

16.     The Lindstroms were drawn to this CCI development because of the opportunity it presented: A home in Autumn Valley was within their price range; near their daughter; and, as a new build, could be constructed to accommodate Ms. Lindstrom's mobility needs and give her the freedom to enjoy her new home.

17. On October 2, 2017, Plaintiffs, Ms. Kvasnicka, and their Realtor, Sarah Hansard, met with one of CCI's representatives, William Orton, on site at the Autumn Valley Ranch community.

18. The Lindstroms were interested purchasing a house based on the CCI Residence 39102 floorplan to be constructed on a site that was a vacant lot at the time of the meeting in October 2017.

19. At the meeting, the Lindstroms described the modest accommodations that would have been required in the floorplan to ensure that Ms. Lindstrom could use and enjoy the house.

20. The accommodations that the Lindstroms requested included ramps in the garage and at the front door; 36-inch doors at the entrances, the owner's suite, owner's suite bathroom, and bedroom 2; installing a pocket door at the laundry room; eliminating the bench by the laundry room and the cabinets under the owner's suite bathroom sink and kitchen sink; and installing a roll-in shower in lieu of the walk-in shower in the owner's suite bathroom. The Lindstroms also elected to replace the floorplan's "bedroom 3" with the optional study, an option set forth in the CCI Residence 39102 brochure.

21. Mr. Orton took notes concerning the list of requested accommodations.

22. Ms. Hansard also has a list of the accommodations discussed that day.

23. The Lindstroms made it clear to Mr. Orton that they were willing to pay for any increased cost attributable to the requested accommodations.

24. At the October 2 meeting, Mr. Orton preliminarily advised the Lindstroms that it would be possible to make the requested accommodations.

25. Mr. Orton concluded the meeting by telling the Lindstroms that he would contact CCI management to get accurate quotes concerning how much their requested changes would cost.

26. On October 3, 2017, however, Mr. Orton called Ms. Hansard and left a voicemail stating that CCI was unwilling to make any of the accommodations the Lindstroms had requested.

27. Mr. Orton stated in his voicemail that this decision came from the purchasing department, the Vice President of Construction, the Division President, and "all sorts of people." He "apologize[d] for wasting everybody's time," and made clear that CCI would not provide the accommodations the Lindstroms had requested.

28. The Lindstroms continued their search and ultimately found a house, outside of their price range, and paid for it to be retrofitted so that it could accommodate Ms. Lindstrom's needs, incurring costs far above the costs that would have been necessary to accommodate accessibility into the Autumn Valley Ranch floorplan.

29. Even with the retrofit measures the Lindstroms have taken, their current home remains much less accessible than the Autumn Valley Ranch home would have been, both because there are measures they have not yet been able to afford, and because the lot itself is less accessible than the unbuilt Autumn Valley Ranch lot was.

30. Defendants' FHAA violations thus caused harm to Plaintiffs, including but not limited to out-of-pocket expenses, and physical and emotional injuries.

31. Plaintiffs remain interested in finding a more accessible home for themselves, and working with their daughter to find an accessible home they can visit.

32. The harms described above are continuing and, unless enjoined by this Court, will continue in the future.

**CLAIM FOR RELIEF**
(Violation of the Fair Housing Amendments Act)

33. Plaintiffs incorporate herein by reference all other paragraphs of this Complaint as if those allegations were set out explicitly herein.

34. The FHAA makes it illegal to "discriminate in the sale . . ., or to otherwise make unavailable or deny, a dwelling" on the basis of disability.  42 U.S.C. § 3604(f).

35. The FHAA requires Defendants to make reasonable accommodations "in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." *Id*. § 3604(f)(3)(B).

36. A "dwelling" is defined to include "any vacant land which is offered for sale . . . or lease for the construction or location thereon" of a building that is designed for occupancy as a residence. *Id*. § 3602(b).

37. Defendants violated the FHAA and its implementing regulations when it denied Plaintiffs the reasonable accommodations and/or modifications they requested and/or otherwise discriminated against them and/or made unavailable to them and/or denied them a dwelling.

38. In the absence of an injunction, Defendants will continue to violate the FHAA and will continue to harm Plaintiffs.

39. Defendants' violations of the FHAA injured Plaintiffs as described more fully above.

40. Defendants' actions described herein were motivated by an intent to discriminate against Ms. Lindstrom and/or with reckless or callous indifference to her rights protected by the FHAA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. That this Court assume jurisdiction;

2. That this Court declare the actions and omissions of Defendants described in this Complaint to be in violation of the FHAA;

3. That this Court enter an injunction ordering Defendants to cease discrimination on the basis of disability against homebuyers with disabilities and to comply with the FHAA;

4. This this Court award Plaintiffs compensatory and punitive damages for the harm caused by Defendants' violations of the FHAA;

5. That this Court award Plaintiffs their reasonable attorneys' fees and costs;

6. That this Court award such additional or alternative relief as may be just, proper, and equitable.

Respectfully Submitted,

CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER

*/s/ Amy F. Robertson*
Amy F. Robertson
104 Broadway, Suite 400
Denver, CO 80203
Phone: (303) 757-7901
arobertson@creeclaw.org

Date:  August 6, 2018